# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

| | | |
|---|---|---|
| EARL V. PARRISH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV415-258 |
| | ) | |
| VANCE LAUGHLIN, Warden, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Earl Parrish, proceeding *pro se*, challenges his 1997 Chatham County, Georgia conviction for rape pursuant to 28 U.S.C. § 2254. Doc. 1. His motion to proceed *in forma pauperis* (doc. 2) is **GRANTED**, but upon preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, his petition should be **DISMISSED**.

This is not Parrish's first post-conviction rodeo. Seven and a half years ago the Court considered and denied his § 2254 petition challenging the same rape conviction under attack here. *See Parrish v. Tillman*, 2008 WL 858907 (S.D. Ga. Mar. 31, 2008). The Court reached

the merits of some claims,[1] dismissed others on procedural grounds, but ultimately denied the petition in its entirety. *Id.*

That this is round two for Parrish decides this case.[2] "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). District courts "lack[] jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012) (quoting *Nunez v. United States*, 96 F.3d 990,

---

[1] Parrish asserted over 20 claims of ineffective assistance of counsel, and three other claims related to trial and appellate court errors plus prosecutorial fraud. *See Parrish*, 2008 WL 858907 at * 1-2.

[2] In some circumstances, numerically second petitions do not qualify as "second or successive" for purposes of § 2244. *See, e.g., Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (second-in-time habeas petition dismissed for failure to exhaust state remedies was not successive). Second petitions like Parrish's, however, that attack the same judgment and raise claims that could have been raised in the first petition but were not "must meet the standards for authorization under § 2244." *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009).

991 (7th Cir.1996) (emphasis in original)), *adopted by*, 2012 WL 1119761 (S.D. Ga. Apr. 3, 2012).

Because (1) this is Parrish's second § 2254 petition, and (2) he never sought permission from the court of appeals to file it, "this Court is not at liberty to consider it." *Id.* Accordingly, it should be **DISMISSED** as successive. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009),[3] the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this  29th  day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Under Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant."